[Civ. No. 9530. Third Dist. July 6, 1959.]

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), Plaintiff, v. RENEE K. ARAKELIAN et al., Defendants and Respondents; CALIFORNIA HOME FOR THE AGED, INC. (a Corporation), Defendant and Appellant.

Mason A. Bailey for Defendant and Appellant.

Ardy V. Barton for Defendants and Respondents.

VAN DYKE, P. J.—This is an appeal from a judgment declaring conditions and restrictions applicable to a charitable trust. During the year 1950, K. Arakelian and Renee, his wife, donated the sum of $64,000 to California Home for the Aged, Inc., a corporation. The money was deposited in the Bank of America National Trust and Savings Association, plaintiff herein, and thereafter questions arose as to the proper use of the funds and as to who had control thereof. In view of the dispute the bank interpleaded the contestants, California Home for the Aged, Inc., one Oliver Lyons, and Renee K. Arakelian. The cause was tried and from the judgment rendered an appeal was taken to this court. (See *Bank of America* v. *Arakelian*, 149 Cal.App.2d 11 [307 P.2d 746].) The judgment was reversed for procedural error in the ex-

clusion of evidence. Upon the retrial the court made the following findings upon disputed issues: The first sum donated amounting to $20,000 was given by means of a check from K. Arakelian drawn on his personal account. A second sum for $44,000, though likewise given through the medium of a check drawn by K. Arakelian on his personal bank account, was nevertheless derived from income which was the property of both K. Arakelian and his wife, Renee. Both donors intended that the sums given were for the limited purpose of erecting a chapel to be situated on the grounds of the California Home for the Aged in Fresno County, California, the chapel to be open to the public, to be nondenominational, and to be in memory of Mrs. Arakelian's father, Reverend Vartan Arslanian, and all the Armenian martyrs of 1915. It was the intention of the donors that the chapel, when erected, should bear an inscription over the main entrance declaring such chapel to be their gift in memory of said Reverend Vartan Arslanian and all the Armenian martyrs of 1915. The judgment declared that the donations were the sole property of the California Home for the Aged, Inc.; that the money should be used for the use and benefit of the said home but only for the limited purposes declared in the findings and subject to the condition that the chapel "shall forever bear the following inscription over the main entrance: 'In Memory of Reverend Vartan Arslanian and all of the Armenian martyrs of 1915, a gift of K. Arakelian and Renee Arakelian.'" The judgment further declared that the board of directors of the home should have and exercise the control, direction, and manner of use and operation of said chapel. The home has appealed from this judgment.

In support of its appeal the home, in its opening brief, argued the evidence was insufficient to support the finding that the chapel should be open to the public and was also insufficient to support the finding that the chapel should bear the stated inscription. However, subsequent proceedings herein by way of augmentation of the record have disposed of the first contention.

In support of its remaining contention appellant now argues that the imposition of a permanent dedication of the chapel to a priest of a particular denomination is in conflict with the finding that the chapel must be nondenominational; that the issue as to the inscription is in the nature of an internal ecclesiastical matter over which the court has no

power or jurisdiction and that what appellant calls the forcible dedication of the chapel to the memory of a priest of a particular denomination is in violation of article I, section 4, of the California Constitution, guaranteeing free exercise and enjoyment of religious profession and worship.

There is no conflict in the findings. The dedication in no way interferes with nondenominational use of the chapel by the members of the public who wish to worship there, even though it may sometimes happen that some, by reason of religious differences, may prefer not to worship where such a dedicatory inscription appears.

The remaining issues are not presented on this record. The trial court was concerned under the pleadings only with the issues raised as to the conditions and restrictions which the donors placed upon the use of the funds they gave to the home. The home could reject the gift or it could accept it with the conditions and restrictions imposed thereon by the donors. The court has now declared and defined those conditions and if the donated funds are to be used those conditions and restrictions must be observed.

The judgment appealed from is affirmed.

Schottky, J., concurred.